Filed 1/11/24  P. v. Wallace CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>VINCENT JAMAL WALLACE,<br><br>  Defendant and Appellant. | A167405<br><br>(Marin County Super. Ct. No. SC220308A) |

**MEMORANDUM OPINION**[1]

Defendant Vincent Jamal Wallace appeals from a judgment following his plea of guilty to driving with a blood alcohol content (BAC) of .08 percent or more (Veh. Code, § 23152, subd. (b)), with three prior convictions within 10 years for driving under the influence (*id.*, § 23550, subd. (a)).[2]  Wallace's appointed counsel on appeal filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having conducted an independent review of the record pursuant to the holding in that case, we affirm.

On July 23, 2020, Wallace's neighbor called the police to report that Wallace had crashed into the garage door with his vehicle.  When the police

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

[2] All subsequent statutory references are to the Vehicle Code unless otherwise specified.

1

arrived, the neighbor said she observed Wallace "stumbling about the vehicle after she heard a loud bang, and then go[ing] into his apartment and appearing to be intoxicated." The police knocked on Wallace's door but no one answered, although a female was heard yelling from inside that she was bedridden and could not open the door. While the police continued to knock, they were notified that Wallace had two outstanding arrest warrants. After some time, Wallace opened the door and the police placed him in handcuffs. He emitted a strong odor of alcohol and was unsteady on his feet as the police escorted him to the patrol car.

The police asked Wallace about the collision. He responded that he was not driving but requested medical attention because his hands felt numb. Before being transported for medical evaluation, the police administered a preliminary alcohol screening (PAS) test. A manual capture from the PAS device showed that Wallace had a BAC of .234 percent, which was lower than what the actual result would have been had enough breath sample passed through the device for an automatic capture. The police also found an empty bottle of alcohol in the back seat of Wallace's vehicle.

In August 2022, plaintiff and respondent the People of the State of California (People) filed an information charging Wallace with: (1) driving a vehicle under the influence of alcohol with three prior convictions within 10 years for driving under the influence, a felony (§§ 23152, subd. (a) & 23550, subd. (a); count 1); (2) driving a vehicle with a BAC of .08 percent or higher, with the same prior convictions (§§ 23152, subd. (b) & 23550.5, subd. (a); count 2); (3) operating a vehicle not equipped with a functioning ignition interlock device (§ 23247, subd. (e); count 3); (4) driving with a suspended or revoked driver's license for driving under the influence (§ 14601.2, subd. (a); count 4); and (5) driving with a suspended or revoked

2

license for refusing a chemical test or driving with excessive blood alcohol (§ 14601.5, subd. (a); count 5).

Wallace was held to answer to all alleged charges following a preliminary hearing. Wallace subsequently filed a motion to set aside the information, which the trial court denied. On October 28, 2022, pursuant to a negotiated plea agreement, Wallace pled guilty to driving with a BAC of .08 percent or above (count 2) and admitted his three prior convictions within 10 years for driving under the influence. Wallace also admitted to the truth of several aggravating factors, including that he had a BAC of .234 percent and that he willfully and unlawfully failed to complete a chemical test. The parties stipulated to a factual basis for the plea. The trial court dismissed the remaining counts per the People's motion.

In accordance with the negotiated plea, the trial court sentenced Wallace to a middle term of two years in state prison. The court declared Wallace a habitual traffic offender for three years, prohibited him from driving any vehicle without an ignition interlock device, and revoked his driver's license for four years. The court imposed a $300 restitution fine and a $300 (suspended) parole or post release supervision revocation fine (Pen. Code, § 1202.4), a $40 criminal facilities fine (Pen. Code, § 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $4 Emergency Medical Air Transportation fee (Gov. Code, § 76000.10). The court advised Wallace of his right to appeal this sentence. Wallace timely appealed.

The *Wende* brief filed by Wallace's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744. Wallace was apprised of his right to file a supplemental brief but did not file one. Following *Wende* guidelines, we have conducted an independent review of the record and conclude there are no meritorious issues to be argued on appeal.

3

## DISPOSITION

The judgment is affirmed.

CHOU, J.

We concur.


SIMONS, Acting P. J.
BURNS, J.


*People v. Wallace* / A167405